CASE 13—ACTION BY W. G. GARDNER AGAINST C. N. BALLARD, &C. TO
RECOVER MONEY BET CONSOLIDATED WITH PROCEEDINGS BY THE
COMMONWEALTH AGAINST SAID DEFENDANTS TO RECOVER A FINE
AND FORFEITURE—OCTOBER 31.

# Gardner v. Ballard, &c.

### APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT OF FORFEITURE, AND DISMISSING GARDNER'S ACTION AND
HE APPEALS. REVERSED.

GAMING—BETTING ON ELECTION—CIVIL ACTION—PENALTIES AND FOR-
FEITURES—RIGHT OF STATE—RIGHTS OF PARTIES—CONSOLIDATION
OF ACTIONS.

Held:   1. Kentucky Statutes, section 1959, declares that, if a stake-
holder of a bet refuse to return the same on demand, the amount
may be recovered by the party aggrieved; while section 1975
imposes a fine of $100 for betting on an election, and enacts
that, if the winning party has received the stakes, the sum
shall be forfeited to the Commonwealth. The loser of an
election bet demanded the return of his money of the stake-
holder. who paid the money to the winner, and proceedings
by the State to recover the fine and forfeiture were united
with an action by the loser to recover the deposit. HELD, that
the loser's demand for the money revoked the bet, and the re-
ceipt of the money by the winner could not be considered as
of money won on a bet; therefore it was error to dismiss the
loser's action and decree the forfeiture to the State.

H. P. COOPER, FOR APPELLANT.

BEN SPAULDING, FOR APPELLEE.
        (No briefs).

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

On the 4th day of January, 1901, the appellant, W. G.
Gardner, instituted this suit against the appellees, C. N.
Ballard and Elam Perkins, and alleged as his cause of ac-
tion that in October, 1899, he made a bet of $100 with the
appellee Elam Perkins on the result of the gubernatorial

election, which was to take place the following November; and that by agreement each of them deposited $100 so wagered with the defendant C. N. Ballard; but that in January, 1900, thereafter, and whilst the money was still in the possession of the stakeholder, Ballard, he demanded that the $100 so posted should be returned to him, which Ballard failed and refused to do, but soon thereafter, over his protest, and in violation of his rights, turned his $100 over to the defendant Perkins; and prayed judgment for $225 and costs. Ballard, in his answer, states that in October, 1899, the plaintiff, W. G. Gardner, and Elam Perkins each placed in his hands $100, with instructions that the whole amount should be turned over to Perkins if W. S. Taylor was elected governor at the ensuing November election, and to Gardner if Wm. Goebel was elected governor; that, after Taylor had qualified as governor, he turned over the fund as directed to Perkins. He admits, however, that when Gardner notified him not to pay the money to Perkins he had the money in his possession. Whilst this action was pending on the docket the Commonwealth of Kentucky, in January, 1900, instituted a suit against Gardner, Perkins and Ballard for the purpose of having a fine of $100 imposed upon both Gardner and Perkins, and asked that the $200 deposited with Ballard be forfeited to the Commonwealth. On motion of the Commonwealth's attorney, this cause, over the objection of Gardner, was consolidated with the suit of Gardner against Ballard, etc., and a judgment rendered in the consolidated suits, forfeiting to the Commonwealth the money so posted, and the suit of Gardner against Ballard was dismissed, and from that judgment the plaintiff, Gardner, prosecutes this appeal.

By section 1955 of the Kentucky Statutes, "every con-

Gardner v. Ballard, &c.

tract for the consideration of money lost or bet at any
game, sport, pastime or wager, is declared absolutely
void." Section 1959 provides: "The stakeholder of any
money or other thing that may be staked on any bet or
wager, shall when thereto notified return the same to the
person making the stake or deposit, and for failing to do
so, the amount or value of the stake may be recovered from
him by the party aggrieved." And section 1975 provides:
"If any person shall wager or bet any sum of money or
any thing of value upon any election under the Constitu-
tion and laws of this Commonwealth, or the Constitution
and laws of the United States, he shall be fined $100.00,
to be recovered in any county where the parties so offending
may be found; or where the bet is made; and in addition
to the fine if the person winning shall receive the sum of
money or other thing so paid or its value or anything
therefor, the sum of money or value of any thing else re-
ceived shall be forfeited to the Commonwealth; and may
be recovered by an appropriate action in the name of the
Commonwealth before the circuit court or the presiding
judge of the county court wherever the fund to be for-
feited may be found." The bet was on an election, which
is by the statute declared to be illegal and void, and it was
the duty of the stakeholder, Ballard, to have returned to
the appellant, Gardner, the $100 deposited by him upon de-
mand, and upon his failure to do so Gardner was entitled
to recover it. The fact that the conditions of the bet
had been determined at the time the demand for a return
of the money was made upon Ballard is wholly immaterial.
The demand made by Gardner upon Ballard for the return
of the money operated *eo instanti* as a revocation of the
bet and any authority previously given to Ballard to turn
it over to Perkins. The bet having been drawn by Gard-

ner, Ballard held the funds from this time forth not as a stakeholder, but as an individual, and in violation of Gardner's rights. And the receipt by Perkins under this state of fact of the money cannot be considered as the receipt of money won upon a bet. If it were otherwise, we would have a state of case in which Gardner could recover the $100 posted with Ballard, and the Commonwealth could recover the same $100 as a forfeit in the hands of Perkins. It follows that the trial court erred in failing to adjudge the appellant, Gardner, his $100, and in forfeiting to the Commonwealth the money posted in Ballard's hands and turned over to Perkins.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.